Patricia A. Shiu, State Bar No. 104894
Elizabeth Kristen, State Bar No. 218227
Sharon Terman, State Bar No. 237236
THE LEGAL AID SOCIETY-EMPLOYMENT LAW CENTER
600 Harrison St., Suite 120
San Francisco, CA 94107
Telephone: (415) 864-8848
Facsimile: (415) 864-8199

Attorneys for Plaintiff
Yolanda Foster

THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOLANDA FOSTER,<br><br>    Plaintiff,<br><br>v.<br><br>ROTECH HEALTHCARE, INC.,<br><br>    Defendant. | Case No.   CV 08 3740 EMC<br><br>AMENDED COMPLAINT FOR DAMAGES AND DECLARATORY AND INJUNCTIVE RELIEF FOR DENIAL OF RIGHTS UNDER CALIFORNIA'S FAIR EMPLOYMENT AND HOUSING ACT<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Yolanda Foster, for claims for relief against defendant alleges:

## NATURE OF THIS ACTION

1. This is an action for relief from defendant's violations of plaintiff's civil rights. These violations include: failure to provide leave under the California Fair Employment and Housing Act (FEHA), Cal. Gov't Code § 12945 *et seq.*; retaliation for taking pregnancy leave, Cal. Gov't Code § 12945, 2 C.C.R. §§ 7291.5, 7291.14; discrimination on the basis of sex and pregnancy in violation of the FEHA, Cal. Gov't Code §§ 12926, 12940, 12945 *et seq.*; and failure to prevent discrimination in violation of the FEHA, Cal. Gov't Code § 12940(k), as more particularly alleged herein.

2. Plaintiff seeks declaratory and injunctive relief and damages, including compensatory, general, and punitive damages, plus reasonable attorneys' fees and costs, for defendant's violations of her rights.

## JURISDICTION AND VENUE

3. This court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 1332, 2201, and 2202. This is an action where the matter in controversy exceeds the value of $75,000 and is between citizens of different states.

4. Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391(a), because the events giving rise to plaintiff's claims occurred in this District.

## ASSIGNMENT

5. Assignment of this action to the United States District Court for the Northern District of California, San Francisco or Oakland, pursuant to Civil L.R. 3-2(d) is proper because this civil claim arose in the County of San Mateo, within this Judicial District.

## PARTIES

6. Plaintiff Yolanda Foster is a U.S. citizen and, at the time the events giving rise to this action took place, was a resident of Alameda County in this Judicial District. Ms. Foster is now a resident of Kern County, California.

7. Plaintiff is informed and believes, and based thereon alleges, that defendant Rotech Heathcare, Inc. ("Rotech") was, at the time relevant to this complaint, a Delaware Corporation with its principal place of business in Orlando, Florida. Defendant operated an office in Foster City, California where plaintiff was employed. Defendant has 5 or more employees and therefore is subject to the FEHA. Cal. Gov't Code § 12926(d).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. Plaintiff has exhausted all required administrative remedies. Plaintiff filed a Complaint of Discrimination with the California Department of Fair Employment and Housing ("DFEH") on July 31, 2006. On August 6, 2007, DFEH issued a Notice of Right to Sue, giving plaintiff the right to file a lawsuit within one year.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

9. Plaintiff was hired at Rotech on February 25, 2005 and worked as a Customer Service Representative in Foster City, California until she was terminated while out on pregnancy disability leave on February 7, 2006.

10. Plaintiff was disabled by pregnancy, childbirth or a related medical condition. She went on pregnancy disability leave on October 17, 2005 and was scheduled to return on January 20, 2006. Her baby was born with cancer and she informed her employer of this fact.

11. On January 16, 2006, plaintiff spoke with her Location Manager, Shant Meguerditchian, to inform him that her doctor had extended her disability through February 17, 2006. Ms. Foster continued to be disabled by pregnancy, childbirth or a related medical condition. At Mr. Meguerditchian's request, plaintiff had her doctor fax a signed note to Mr. Meguerditchian explaining that Ms. Foster would be disabled until February 17, 2006.

12. On January 30, 2006, two weeks after Mr. Meguerditchian spoke with Ms. Foster, the Human Resources department sent her a letter informing Ms. Foster that she needed to submit a Leave of Absence Request Form by February 2, 2006, only three days later. When she did not immediately respond, Rotech sent her a letter dated February 7, 2008 informing her that the company had "accepted [her] voluntary resignation effective today."

13. Plaintiff Foster was eligible for pregnancy disability leave in that she was disabled by pregnancy, childbirth or a related medical condition. Ms. Foster's request for leave was reasonable and her notice and certification were adequate.

14. Defendant Rotech unlawfully failed to provide Ms. Foster with notice of her right to pregnancy disability leave and Plaintiff is informed and believes that Rotech has no official pregnancy disability leave policy. Plaintiff is informed and believes that Rotech has no appropriate policy prohibiting discrimination and retaliation nor an appropriate complaint procedure for reporting discrimination and retaliation.

15. Defendant unlawfully failed to guarantee to reinstate plaintiff to her same position following her leave.

16. Defendant unlawfully terminated plaintiff's employment while she was on pregnancy disability leave, thereby depriving plaintiff of her right to take up to four months of pregnancy disability leave. Plaintiff was forced to relocate to Kern County with her baby because of the financial and emotional distress caused by her termination.

### DECLARATORY RELIEF ALLEGATIONS

17. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 16, above.

18. An actual controversy exists between plaintiff and defendant concerning their respective rights and duties. Plaintiff contends that defendant violated her rights under the FEHA by failing to apprise her of her rights, for denying her leave, for interfering with her right to take leave, and for terminating her for taking a qualifying leave. Plaintiff is informed and believes, and based thereon alleges, that defendant denies that these actions were unlawful. Declaratory relief is therefore necessary and appropriate.

19. Plaintiff seeks a judicial declaration of the rights and duties of the respective parties, including a declaration of defendant Rotech's duty to comply with the posting and notice requirements of the FEHA.

### INJUNCTIVE RELIEF ALLEGATIONS

20. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 19, above.

21. No previous application for the injunctive relief sought herein has been made to this Court.

22. If this Court does not grant the injunctive relief sought herein, plaintiff will be irreparably harmed.

23. No plain, adequate, or complete remedy at law is available to plaintiff to redress the wrongs addressed herein.

### FIRST CLAIM FOR RELIEF
Denial of Pregnancy Disability Leave
FEHA
Cal. Gov't Code § 12945

24. Plaintiff incorporates by reference paragraphs 1 through 23, as though fully set forth herein.

25. At all times mentioned in this complaint, California Government Code section 12945 was in full force and effect, and was binding on defendant. This section makes it an unlawful employment practice for an employer "to refuse to allow a female employee disabled by pregnancy, childbirth, or related medical conditions to take a leave for a reasonable period of time not to exceed four months and thereafter return to work." Cal. Gov't Code § 12945; *see also* 2 Cal. Code Regs. §§ 7291.5(a)(11), 7291.8. Employers, upon granting a pregnancy disability leave, must guarantee to reinstate the employee to the same position. 2 Cal. Code Regs. § 7291.9(a).

26. Employers are required to provide notice to employees of their right to request pregnancy disability leave, and must give a copy of the notice to an employee as soon as practicable after she tells the employer she is pregnant or sooner if she inquires about pregnancy leave. 2 Cal. Code Regs. § 7291.16.

27. Plaintiff Foster was eligible for pregnancy disability leave in that she was disabled by pregnancy, childbirth or a related medical condition. Ms. Foster's request for leave was reasonable and her notice and certification were adequate.

28. Defendant Rotech unlawfully failed to provide Ms. Foster with notice of her right to pregnancy disability leave.

29. Defendant unlawfully failed to guarantee to reinstate plaintiff to her same position following her leave.

30. Defendant unlawfully terminated plaintiff's employment while she was on pregnancy disability leave, thereby depriving plaintiff of her right to take up to four months of pregnancy disability leave.

31. As a proximate result of defendant's unlawful actions, plaintiff has suffered the loss of wages, salary, benefits, and additional damages in an amount to be proven at trial.

32. As a further proximate result of defendant's unlawful actions, plaintiff has suffered humiliation, mental anguish, and emotional and physical distress in an amount to be proven at trial.

33. The above-recited actions of defendant were done with malice, fraud, or oppression, and in reckless disregard of the plaintiff's rights under the FEHA.

### SECOND CLAIM FOR RELIEF
Unlawful Discharge and Discrimination Because of Sex and Pregnancy
FEHA
Cal. Gov't Code §§ 12926, 12940, 12945 and 2 Cal. Code Regs. § 7291.5

34. Plaintiff incorporates by reference paragraphs 1 through 33, as though fully set forth herein.

35. At all times mentioned in this complaint, California Government Code section 12940 and 12945 as well as California Code of Regulations, Title 2, Section 7291.5 were in full force and effect, and were binding on defendant. This statute and this regulation make it an unlawful employment practice for an employer to discharge or discriminate against an employee in the terms, conditions, and privileges of employment because of sex or pregnancy. 2 Cal. Code Regs. § 7291.5 (stating that discrimination because of pregnancy is discrimination because of sex).

36. Defendant terminated plaintiff's employment because of her sex and pregnancy.

37. Defendant discriminated against plaintiff in the terms, conditions, and privileges of employment because of her sex and pregnancy by: 1) refusing to reinstate plaintiff to her same position and 2) terminating plaintiff.

38. As a proximate result of defendant's unlawful actions, plaintiff has suffered the loss of wages, salary, benefits, and additional damages in an amount to be proven at trial.

39. As a further proximate result of defendant's unlawful actions, plaintiff has suffered humiliation, mental anguish, and emotional and physical distress in an amount to be proven at trial.

40. The above-recited actions of defendant were done with malice, fraud, or oppression, and in reckless disregard of the plaintiff's rights under the FEHA.

### THIRD CLAIM FOR RELIEF
Unlawful Retaliation Because of Pregnancy
And/or Exercise of Right to Pregnancy Disability Leave
FEHA
Cal. Gov't Code § 12945 and 2 Cal. Code Regs. §§ 7291.5, 7291.14

41. Plaintiff incorporates by reference paragraphs 1 through 40, as though fully set forth herein.

42. At all times mentioned in this complaint, California Government Code section 12945 and California Code of Regulations, Title 2, Sections 7291.5 and 7291.14 were in full force and effect, and were binding on defendant. This statute and these regulations make it an unlawful employment practice for an employer to discharge, refuse to hire, refuse to promote, or otherwise discriminate or retaliate against an employee because of her pregnancy or because she has exercised her right to take a pregnancy disability leave.

43. Defendant terminated plaintiff's employment because of her pregnancy.

44. Defendant terminated plaintiff's employment because she exercised her right to take pregnancy disability leave.

45. Defendant discriminated and retaliated against plaintiff because of her pregnancy and because she exercised her right to take pregnancy disability leave by 1) refusing to reinstate plaintiff to her same position and 2) terminating plaintiff.

46. As a proximate result of defendant's unlawful actions, plaintiff has suffered the loss of wages, salary, benefits, and additional damages in an amount to be proven at trial.

47. As a further proximate result of defendant's unlawful actions, plaintiff has suffered humiliation, mental anguish, and emotional and physical distress in an amount to be proven at trial.

48. The above-recited actions of defendant were done with malice, fraud, or oppression, and in reckless disregard of the plaintiff's rights under the FEHA.

### FOURTH CLAIM FOR RELIEF
Failure to Prevent Discrimination
FEHA
Cal. Gov't Code § 12940(k)

49. Plaintiff incorporates by reference paragraphs 1 through 48, as though fully set forth herein.

50. At all times mentioned in this complaint, California Government Code section 12940(k) was in full force and effect, and was binding on defendant. This section requires employers, *inter alia*, to take all reasonable steps to prevent discrimination from occurring.

51. Defendant and defendant's agents knew or should have known that plaintiff was pregnant and was entitled to take a pregnancy disability leave and to thereafter be reinstated to her same position. Defendant consciously disregarded plaintiff's right to be free from discrimination by: 1) failing to inform plaintiff of her right to pregnancy disability leave, 2) failing to guarantee to reinstate plaintiff following her pregnancy disability leave, and 3) terminating plaintiff while she was on pregnancy disability leave.

52. Plaintiff is informed and believes and thereon alleges that defendant did not have an appropriate policy prohibiting discrimination and retaliation, or an appropriate complaint procedure for reporting discrimination and retaliation, or an appropriate pregnancy disability leave policy.

53. Defendant's actions against plaintiff, as alleged above, constitute a failure to take all reasonable steps to prevent discrimination from occurring in violation of California Government Code section 12940(k).

54. As a proximate result of defendant's unlawful actions, plaintiff has suffered the loss of wages, salary, benefits, and additional damages in an amount to be proven at trial.

55. As a further proximate result of defendant's unlawful actions, plaintiff has suffered humiliation, mental anguish, and emotional and physical distress in an amount to be proven at trial.

56. The above-recited actions of defendant were done with malice, fraud, or oppression, and in reckless disregard of the plaintiff's rights under the FEHA.

### RELIEF REQUESTED

WHEREFORE, plaintiff respectfully requests that this Court:

1. Grant all injunctive relief necessary to bring defendant into compliance with the FEHA;

2.  Grant such other injunctive relief as may be appropriate, including reinstatement of plaintiff;

3.  Grant declaratory relief;

4.  Order defendant to pay plaintiff for the wages, salary, employment benefits, out-of-pocket expenses, and other compensation denied or lost to plaintiff by reason of defendant's violations of the FEHA, in an amount to be proven at trial;

5.  Order defendant to pay plaintiff for front pay, in an amount to be proven at trial;

6.  Order defendant to pay plaintiff compensatory damages for plaintiff's emotional pain and suffering in an amount to be proven at trial;

7.  Order defendant to pay plaintiff exemplary and punitive damages;

8.  Order defendant to pay plaintiff reasonable attorneys' fees, reasonable expert witness fees, and other costs of the action;

9.  Order defendant to pay plaintiff interest on such damages as are appropriate, including pre- and post-judgment interest; and

10. Grant such other and further relief as this Court may deem proper and just.

## JURY DEMAND

Plaintiff demands a trial by jury as to each claim herein.

Dated: August 20, 2008         By:     /s/
                                       Elizabeth Kristen
                                       Attorney for Plaintiff Yolanda Foster